891 F.2d 299
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
MINNESOTA MINING AND MANUFACTURING COMPANY, Plaintiff-Appellee,
v.
Martha H. EGLY, Michael J. Manchester and Alert Alarm
Company, Inc., Defendants-Appellants.
 No. 89-1549.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1989.
 
 Before RICH and NEWMAN, Circuit Judges and EDWARD DUMBAULD, Senior District Judge.*
 DECISION
 PER CURIAM.
 
 
 1
 This appeal, the fifth to this court in this litigation, is by Martha H. Egly and Michael J. Manchester, appearing pro se (Alert Alarm Company, Inc., not appealing), from the District Court's Judgment Order entered May 24, 1989, granting summary judgment against Egly and Manchester individually, holding them personally liable to pay prior judgments against Preemption Devices, Inc. (PDI), a corporation which they own and of which they are President and Vice-President, respectively. We affirm.
 
 OPINION
 
 2
 The sole question presented is whether appellants, Egly and Manchester, were in privity with PDI at the time of the litigation between PDI and Minnesota Mining & Manufacturing Company (3M) for infringement of 3M's Long Patent, Re 28,100, so as to be estopped to relitigate the validity or enforceability of the Long patent by the doctrine of res judicata as they now wish to do in this action.
 
 
 3
 The present action, though it bears a different title and is against two individuals and a second corporation, not actual parties to the PDI suit against 3M for declaratory judgment of invalidity of the Long patent, is in reality no more than the final episode in the PDI vs 3M suits which were conducted in fact by Egly and Manchester as sole owners and officers of PDI. Though they were not parties in name, res judicata or "claim preclusion" principles require that privies be treated as though they had been parties.
 
 
 4
 The principles of privity and claim preclusion not being peculiar to patent law, we apply the law of the Third Circuit where this litigation was conducted, though there is no indication it differs from our own. Panduit Corp. v. All States Plastic Mfg. Co., 744 F.2d 1564, 223 USPQ 465 (Fed.Cir.1984).
 
 
 5
 We have carefully considered the extensive and analytical opinion of Judge Giles supporting the judgment that appellants are liable to 3M pursuant to the judgments previously entered in its favor and against PDI and are precluded from relitigating the issues decided thereby. We have also considered the arguments pro and con leading to said opinion as well as the briefs and other submissions filed in connection with this appeal. We find no reason to disagree with the conclusions of the district court that appellants were the alter ego of the PDI corporation, and vice versa, and that they were in privity with PDI. Furthermore, appellants controlled all of their prior litigation and are precluded also for that reason from relitigating the issues therein decided. Judge Giles, who wrote the aforesaid opinion, was also the trial judge in the prior litigation and thus was thoroughly familiar with appellants' participation in and relationship to that litigation.
 
 
 6
 For a strikingly similar case in which this court affirmed the personal liability of owner-officers of a corporate defendant after extensive litigation against an insolvent corporation see Fromson v. Citiplate Inc., --- F.2d ----, 12 USPQ2d 1299, 1302 (Fed.Cir.1989).
 
 
 7
 We further agree that summary judgment was a proper disposition because there were no disputed issues of material fact on the privity or litigation control issues. The evidence relied on is substantially all from appellants' own testimony.
 
 
 8
 The judgment appealed from is affirmed for the reasons fully explained in the trial court's memorandum opinion.
 
 
 
 *
 The Honorable Edward Dumbauld, United States District Court for the Western District of Pennsylvania, sitting by designation